# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| TELARIA, INC., PAUL CAINE, MARK ZAGORSKI, DOUG KNOPPER, RACHEL LAM, WARREN LEE, JAMES ROSSMAN, ROBERT SCHECHTER, KEVIN THOMPSON, THE RUBICON PROJECT, INC., and MADISON MERGER CORP., | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 19, 2019 (the "Proposed Transaction"), pursuant to which Telaria, Inc. ("Telaria" or the "Company") will be acquired by The Rubicon Project, Inc. ("Parent") and Madison Merger Corp. ("Merger Sub," and together with Parent, "Rubicon Project").

2. On December 19, 2019, Telaria's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Rubicon Project. Pursuant to the terms of the Merger Agreement, Telaria's stockholders will receive 1.082 shares of Parent common stock for each share of Telaria common stock they own.

3. On February 7, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for March 30, 2020.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Telaria common stock.

9. Defendant Telaria is a Delaware corporation and maintains its principal executive offices at 222 Broadway, 16th Floor, New York, New York 10038. Telaria's common stock is traded on the New York Stock Exchange under the ticker symbol "TLRA."

10. Defendant Paul Caine is Chairman of the Board of the Company.

11. Defendant Mark Zagorski is Chief Executive Officer and a director of the Company.

12. Defendant Doug Knopper is a director of the Company.

13. Defendant Rachel Lam is a director of the Company.

14. Defendant Warren Lee is a director of the Company.

15. Defendant James Rossman is a director of the Company.

16. Defendant Robert Schechter is a director of the Company.

17. Defendant Kevin Thompson is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Telaria (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of December 11, 2019, there were approximately 46,833,507 shares of Telaria common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28. Telaria provides a fully programmatic software platform for premium publishers to

manage and monetize their video advertising.

29. The Company's platform is built specifically for digital video and to support the unique requirements of connected TV, mobile, and over-the-top content.

30. Telaria provides publishers with real-time analytics, data, and decisioning tools to control their video advertising business and offers a holistic monetization solution to optimize yield across a publisher's entire supply of digital video inventory.

31. On December 19, 2019, Telaria's Board caused the Company to enter into the Merger Agreement with Rubicon Project.

32. Pursuant to the terms of the Merger Agreement, Telaria's stockholders will receive 1.082 shares of Parent common stock for each share of Telaria common stock they own.

33. According to the press release announcing the Proposed Transaction:

Rubicon Project (NYSE:RUBI), the global exchange for advertising, and Telaria (NYSE: TLRA), the complete software platform that optimizes yield for leading video publishers, announced today that they have entered into a definitive agreement to combine in a stock-for-stock merger. The transaction, which has been unanimously approved by the Boards of Directors of both companies, will create the world's largest independent sell-side advertising platform, poised to capture growth in CTV. . . .

Transaction Details

Under the terms of the merger agreement, each share of Telaria common stock issued and outstanding as of the effective time of the Merger will be converted into the right to receive 1.082 shares of Rubicon Project common stock (and, if applicable, cash in lieu of fractional shares) less any applicable withholding taxes.

Upon closing, Telaria stockholders are expected to own approximately 47.1% and Rubicon Project stockholders are expected to own approximately 52.9% of the fully diluted shares of the combined company.

Governance and Leadership

Upon closing, Michael Barrett will be named Chief Executive Officer of the combined company, Mark Zagorski will be named President & Chief Operating Officer and David Day will be the Chief Financial Officer. Telaria board member

>Paul Caine will be Chairperson of the Board of Directors of the combined company. The full board will consist of nine members; four existing directors from each company and Michael Barrett, CEO.
>
>Timing and Approvals
>
>The transaction, which is expected to close in the first half of 2020, is subject to the receipt of required regulatory approvals and other customary closing conditions and the approval of stockholders of both companies.
>
>Advisors
>
>LUMA Partners LLC and Needham & Company, LLC are serving as financial advisors to Rubicon Project, and Gibson, Dunn & Crutcher LLP is serving as its legal advisor. RBC Capital Markets, LLC is serving as financial advisor to Telaria, and Cooley LLP is serving as its legal advisor.

*The Registration Statement Omits Material Information*

34. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for March 30, 2020.

35. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

36. First, the Registration Statement omits material information regarding the Company's, Rubicon Project's, and the pro forma combined company's financial projections.

37. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Rubicon Project's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39. With respect to the pro forma combined company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, RBC Capital Markets, LLC ("RBC").

42. With respect to RBC's Discounted Cash Flow Analysis of Telaria, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) projected net operating loss carryforwards; (iii) the terminal values for Telaria; and (iv) the individual inputs and assumptions underlying the range of discount rates of 10.0% to 12.5% and the range of perpetuity growth rates of 3.0% to 4.0%.

43. With respect to RBC's Discounted Cash Flow Analysis of Rubicon Project, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) projected net operating loss carryforwards; (iii) the terminal values for Rubicon Project; and (iv) the individual inputs and assumptions underlying the range of discount rates of 12.5% to 15.0% and the range of perpetuity growth rates of 3.0% to 4.0%.

44. With respect to RBC's analyses of price targets, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

45. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

46. Third, the Registration Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting offers to acquire the Company.

47. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

48. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) Background of the Merger; (ii) Reasons for the Merger; (iii) Opinion of Telaria's Financial Advisor; (iv) Certain Unaudited Prospective Financial Information Prepared by Rubicon Project or Used at Rubicon Project's Direction; and (v) Certain Unaudited Prospective Financial Information Prepared by Telaria or Used at Telaria's Direction.

49. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Telaria**

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule

8

14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Telaria is liable as the issuer of these statements.

52. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

53. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Rubicon Project

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants and Rubicon Project acted as controlling persons of Telaria within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Telaria and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60. Each of the Individual Defendants and Rubicon Project was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

62. Rubicon Project also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63. By virtue of the foregoing, the Individual Defendants and Rubicon Project violated Section 20(a) of the 1934 Act.

64. As set forth above, the Individual Defendants and Rubicon Project had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 13, 2020 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
**OF COUNSEL:** Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
**RM LAW, P.C.** Wilmington, DE 19801
Richard A. Maniskas Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300 Facsimile: (302) 654-7530
Berwyn, PA 19312 Email: bdl@rl-legal.com
Telephone: (484) 324-6800 Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com *Attorneys for Plaintiff*